O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SUMNER, ) | Case No. EDCV 10-1125-MLG |
| ) Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of the Social ) Security Administration, ) | |
| ) Defendant. ) | |

Plaintiff Kimberly Sumner seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income benefits("SSI") pursuant to XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is affirmed.

I. **Facts and Procedural Background**

Plaintiff was born on November 5, 1969. She completed tenth grade and has worked as a care giver and cashier clerk. (Administrative Record ("AR") at 127, 133, 136.) Plaintiff filed an application for SSI on May 30, 2007, alleging disability as of December 1, 2005, due to "leg syndrome, depression, anxiety and

1

stress." (AR at 132.) Her application was denied initially and upon reconsideration. (AR at 66, 74.) An administrative hearing was held on July 17, 2009, before Administrative Law Judge ("ALJ") Lowell Fortune. (AR at 24-63.) Plaintiff was represented by counsel and testified on her own behalf. A vocational expert ("VE") also testified at the hearing.

ALJ Fortune issued an unfavorable decision on September 23, 2009. (AR at 10-23.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application and suffered from the following severe impairments: vulvar psoriasis, right knee disorder, osteoporosis, migraine headaches, pain in the hands and fingers, and dysthymia. (AR at 12.) These severe impairments, alone or in combination, did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 12-13.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light activity, specifically, that she could: lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for two hours in an eight hour workday, occasionally climb ramps and stairs, and perform frequent postural activities. The ALJ further found that Plaintiff cannot climb ladders, ropes and scaffolds, and is precluded from work requiring a "high-quota production rate pace." (AR at 14-20.) Based on this RFC and testimony from the VE, the ALJ concluded that Plaintiff could perform past relevant work as a cashier as generally performed in the national economy, but not as she performed it. (AR at 20-21.) Based on the VE's testimony, the ALJ concluded that Plaintiff was not disabled because there were a

significant number of cashier positions that Plaintiff could perform in the national and local economy. In the alternative, the ALJ asked the VE whether there were jobs that Plaintiff could perform in addition to cashier, and the VE testified that Plaintiff's RFC permitted her to work as an information clerk, general office clerk, and order clerk. Based on this testimony and using the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201 ("the grids"), as a framework for decision, the ALJ concluded that Plaintiff was not disabled because there were a significant number of jobs in the national and local economy that Plaintiff could perform. (AR at 21-22.)

The Appeals Council denied review on June 22, 2010, and Plaintiff commenced this action on July 29, 2010. Plaintiff contends that the ALJ failed to afford proper consideration to the treating physician's opinion that Plaintiff could not work. (Joint Stip. at 2-5.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. **The ALJ Properly Rejected the Treating Physician's Opinion on an Issue Reserved to the Commissioner**

Plaintiff argues that the ALJ improperly rejected on opinion by her treating physician, Dr. Vidhya Koka, that she is unable to work due to a chronic condition. (Joint Stip. at 3.) On August 27, 2007, Dr. Koka filled out the "Statement of Provider" portion of a one-page county public assistance form. (AR at 206.) He checked a "Yes" box indicating that Plaintiff has a medically verifiable condition that limits performance of certain tasks. He further indicated, again by checking a box, that her condition was chronic and that she was seeking treatment "as needed." Dr. Koka checked the "No" box when asked if Plaintiff was able to work. (Id.) Although the ALJ adopted several of Dr. Koka's medical diagnoses expressed in other portions of Plaintiff's medical records, the ALJ considered and rejected Dr. Koka's conclusory "check-box" opinion that she could not work because the alleged chronic condition was unspecified, there were no objective clinical or diagnostic findings to support the conclusory assertion, and the opinion was

4

provided on an issue that is reserved to the Commissioner. (AR at 18.) Plaintiff claims this was error, and the ALJ should have re-contacted Dr. Koka to obtain clarification or additional evidence. (Joint Stip. at 3-4.)

A treating physician's medically supported opinion regarding the nature and severity of a disability claimant's impairments is generally given great weight. 20 C.F.R. § 404.1527(d)(2); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even if a treating doctor's opinion is contradicted, an ALJ may disregard it only by giving specific and legitimate reasons for doing so that are supported by substantial evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Reddick*, 157 at 725.

Nonetheless, the ultimate determination of disability (*i.e.* whether a claimant can perform work in the national economy) rests solely with the Commissioner, and a physician's statement that a claimant is "unable to work" is not entitled to special weight. 20 C.F.R. 416.927(e); *see Tonapetyan*, 242 F.3d at 1148-49 (ALJ not bound by opinion of treating physician with respect to ultimate determination of disability); *Martinez v. Astrue*, 261 Fed.Appx 33, 35 (9th Cir. 2007) ("[T]he opinion that [the claimant] is unable to work is not a medical opinion...[and] is therefore not accorded the weight of a medical opinion."). Moreover, an ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan* 242 F.3d at 1149.

//

1    Here, the ALJ's reasons for rejecting the opinion contained in
2 the August 27, 2007, county public assistance form are both legally
3 sound and supported by substantial evidence. The ALJ correctly
4 noted the conclusory nature of Dr. Koka's opinion that Plaintiff
5 could not work. (AR at 18.) Indeed, in the same form Dr. Koka
6 opinion that Plaintiff could not work, she indicated that Plaintiff
7 has no limitations that affect her ability to participate in
8 education and training, that Plaintiff's condition does not prevent
9 her from caring for her children in the home, and that Plaintiff
10 does not need someone to be in the home to care for her. (AR at
11 206.) Thus, despite the brief "opinion" that Plaintiff cannot work,
12 Dr. Koka did not identify any functional limitations cause by
13 Plaintiff's medical impairments. *See Johnson v. Shalala*, 60 F.3d
14 1428, 1432 (9th Cir. 1995) (finding no error where the ALJ rejected
15 treating physician's opinion that claimant was disabled due to
16 physician's failure to specify functional limitations); *Crane v.*
17 *Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (an ALJ need not accord
18 weight to unexplained "check-off reports"). Moreover, nowhere in
19 Dr. Koka's treatment records is there any indication of functional
20 limitations caused by her medical conditions. (*See* AR at 215-47.)In
21 addition, an examination of the records reveals that the ALJ's
22 conclusion that Dr. Koka provided routine, conservative care is
23 supported by the record and belies his "no work" opinion. (*See* AR
24 at 18, 215-47.) Thus, the ALJ's conclusion that the "unable to
25 work" opinion is inconsistent with the medical record was sound,
26 and the ALJ's rejection of it was proper.
27    Finally, Plaintiff's contention that the ALJ should have re-
28 contacted Dr. Koka for clarification or additional evidence is not

persuasive. Plaintiff points to 20 C.F.R. § 416.912(e), which states, in relevant part: "When the evidence we receive from your treating...medical source is inadequate for us to determine whether you are disabled," the Commissioner "will recontact your treating...medical source to determine whether the additional information we need is readily available." However, this is not a case where the evidence was inadequate to assess Dr. Koka's check-box opinion or make a disability determination. As noted above, there were consistent records from Dr. Koka for the time Plaintiff was under her care. (*See* AR at 215-47.) The fact that the medical records do not support Dr. Koka's conclusory "no work" opinion does not render the records ambiguous such that the ALJ's duty to supplement the record was triggered. Instead, Dr. Koka's opinion on the ultimate issue of disability was simply not supported by the record. Accordingly, the ALJ did not err in rejecting Dr. Koka's check-box opinion without recontacting him for clarification.

**IV.  Conclusion**

For the reasons stated above, the decision of the Commissioner affirmed and this matter is dismissed with prejudice.

Dated: February 7, 2011

_____
Marc L. Goldman
United States Magistrate Judge

7